IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DESIREE BOCK<br>    *Plaintiff*, | § <br> §   CIVIL ACTION NO. _____<br>§<br>§<br>§ |
| VS. | §<br>§ |
| SHERRY STOCKWELL-TARRER,<br>RICHARD TARRER, TARRER<br>FAMILY LIMITED and<br>SOVEREIGN FINANCIAL GROUP,<br>INC.<br>    *Defendants.* | §<br>§   JURY TRIAL DEMANDED<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff DESIREE BOCK., and files this PLAINTIFF'S ORIGINAL COMPLAINT, complaining of SHERRY STOCKWELL-TARRER, RICHARD TARRER, TARRER FAMILY LIMITED and SOVEREIGN FINANCIAL GROUP, INC. (collectively "Defendants" or "all Defendants") and allege the following:

### I. DISCOVERY

1. Plaintiff intends for discovery to be conducted under the Court's scheduling order and Rules 26 to 37 and Rule 45 of the Federal Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery plan tailored to the particular circumstances of this suit.

### II. PARTIES

2. Plaintiff Desiree Bock (hereinafter "Plaintiff" or "Bock") is an individual domiciled in the State of California and is a citizen of that state for diversity purposes.

3. Defendant SHERRY STOCKWELL-TARRER (hereinafter "Sherry Tarrer") is an individual domiciled in the State of Texas and is a citizen of that state for diversity purposes. This defendant can be served at 3203 E CEDAR HOLLOW DR., PEARLAND, TX 77584 or wherever she may be found.

4. Defendant RICHARD TARRER (hereinafter "Richard Tarrer") is an individual domiciled in the State of Texas and is a citizen of that state for diversity purposes. He is also the registered agent of Tarrer Family Ltd. This defendant can be served at 3203 E CEDAR HOLLOW DR., PEARLAND, TX 77584 or wherever he may be found.

5. Defendant SOVEREIGN FINANCIAL GROUP, INC. (hereinafter "Sovereign") is a Texas corporation with its principal office located in Texas. Sovereign is domiciled in the State of Texas and is a citizen of that state for diversity purposes. Sovereign is a general partner of Tarrer Family Ltd. This Defendant can be served with process through its registered agent, Victor Sturm at 2420 South Grand Blvd., Pearland, TX 77581.

6. Defendant TARRER FAMILY, LIMITED[1] (hereinafter "Tarrer Family Ltd") is a Texas limited partnership with its principal office located in Brazoria County, Texas. This Defendant can be served with process through its registered agent, Richard A. Tarrer 3203 E CEDAR HOLLOW DR PEARLAND, TX 77584. Based on belief and understanding, Tarrer Family is comprised of three partners who are each domiciled in the State of Texas and citizens of that state for diversity purposes: Sherry Tarrer, Richard Tarrer and Sovereign

### III. JURISDICTION

7. Pursuant to 28 U.S.C. §1332, the parties in this case are diverse and the matter in controversy exceeds the sum of $75,000.

---

[1] On the purchase contract in question, seller is named as "Tarrer Family Trust", it is not clear if such an entity exists – or if Sherry Tarrer meant "Tarrer Family Ltd."

## IV. VENUE

8. Venue in this cause is proper in the Southern District of Texas because Defendants are subject to this Court's personal jurisdiction with respect to this civil action, and because a substantial part of the events or omissions giving rise to the claim occurred in this District. 28 U.S.C. §1391(b)-(c).

## V. FACTS

9. On or about May 17, 2023, Plaintiff Desiree Bock bought a cabin from Defendant Tarrer Family Limited, which is located near Lake Livingston in Polk County, Texas at 468 Onalaska Dr E, Cabin A, Onalaska, Texas 77360 ("the property"). Tarrer Family Ltd. Purported to act as the developer of the property, with a total of 5 cabins in the immediate vicinity, in what can be best described as a "comedy of errors".

10. The transaction was done with a purchase agreement, including a significant downpayment and the rest to be paid via owner financing. Plaintiff entered into the purchase agreement on the sole basis that and Defendant(s) had good and marketable title to the property, and Defendants agreed would fulfill the terms and conditions of the purchase agreement for Plaintiff to gain ownership of the property with a general warranty deed and with utilities in her name. Plaintiff relied on the statements and actions of the Defendants in this regard.

11. Defendant Sherry Tarrer also held herself out as the licensed real estate broker for the property on behalf of Tarrer Family Ltd. She is a licensed broker for Golden Girls Realty Investments LLC, d/b/a Grace Team Realty, Stockwell & Associates, and Stockwell and Kaltwasser Realty LLC.

12. Defendants purposely avoided having a title company involved in the matter or any attorneys, who would have been able to uncover the series of deceptive actions and unlawful

behavior of the Defendants in this transaction. Defendants also did not involve a licensed residential mortgage loan originator in the transaction given the owner-financing nature of the transaction in violation of state and/or federal laws (namely Chapter 157 of the Texas Finance Code and the federal Dodd-Frank Act).

13. Plaintiff came to find out that not only did Defendants not have any intention to fulfill these requirements, but they had taken Plaintiff's money for the down payment, refused to handle the deed paperwork by complying with the relevant county and city to enable the issuance of the warranty deed, had dangerously had utility lines and/or meters installed outside of the lawful process, attempted to further subdivide a property within a subdivision, failed to cooperate with any third parties or the Plaintiff, threatened to evict her without due process of law from Plaintiff's own property, and above all, cost her extremely long amounts of time, stress and mental anguish all on account of Defendant's fraud, deceptive behavior and multiple breaches of a real estate contract as further specified below. In addition, Defendants have refused to allow utilities to be turned on in the property as of December 19th despite the fact that Plaintiff (through counsel) requested said utilities to be turned on for the Christmas and New Year's holidays as a courtesy while the legal issues are being resolved. Defendants flatly refused. Plaintiff cannot use or lease the property and has had to cancel bookings for the foreseeable future.

14. Defendants refuse to provide Plaintiff with the required deed to proceed with the true transfer of the property and connection of all utilities because the lines are unclear for the water, electricity, and sewage company to redraw for Cabin A or any other unit. Without utilities, Plaintiff cannot enjoy the property she acquired from the Defendants.

15. Defendants have delayed the sewer from May 17, 2023, purchase date until August 2, 2023. Defendants terminated electricity to the property on September 20, 2023 without notice. Electricity had to be transferred without the deed.

16. Plaintiff cannot proceed to transfer the water and gas without the city separating lines for the property and the other cabins adjacent or attached to the property.

17. Defendants were aware of these issues, yet they did not disclose same to Plaintiff prior to or at the time of the subject sale. Defendants did not disclose that the permits were revoked and that the water and gas would not be able to be separated.

18. While the balance of the purchase price (of $76,000.00 or so) is due under the terms of the purchase contract, it is not payable for 10 years from the closing date. Neither a promissory note, nor a deed of trust, nor a deed with vendor's lien was contemplated by the parties nor executed by Plaintiff. Accordingly, Plaintiff's obligation to make the payments is not ripe until May 2033 (10 years after closing).

19. In order to get the property ready for use by herself and host guests from AirBnB and other websites, Plaintiff spent tens of thousands of dollars on the property renovation and interior design, which is now useless until she can use the property again. Because of the extensive work done by Plaintiff, she believes that Defendants are attempting to seize the property back from her to reap the rewards for themselves and either sell or lease the property on their own account.

## VI. BASIS OF LIABILITY AGAINST ALL DEFENDANTS

20. In connection with the conduct described above, Plaintiff now brings the following claims against all Defendants as defined above: (1) breach of contract; (2) unjust enrichment; (3) fraud; (4) fraud in a real estate transaction; and (5) violations of the Deceptive Trade Practices Act (DTPA).

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

21. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though such allegations were fully set forth herein.

22. The acts and omissions of Defendants described above constitute breach of contract, which was a proximate cause of the direct and consequential damages to Plaintiff, and for which Plaintiff hereby sues.

23. Defendants Sherry Tarrer, Richard Tarrer and Sovereign are the partners in the listed seller, TARRER FAMILY LIMITED. Defendants and Plaintiff executed the contract for this contract to purchase real estate. Plaintiff relied on Defendants' representations that Defendants would honor the contract. Defendants seek to utilize the corporate form to defraud Plaintiff, but the Court is requested to pierce the veil and to hold Defendant TARRER FAMILY LIMITED directly liable for his breaches.

24. Plaintiff completed its portion of the contract by providing the payment for the down payment to Defendants. Defendants materially breached the contract by not adequately performing under the contract. *See* Exhibit 1, Contract to Purchase Real Estate.

25. Due to Defendants' material breach of the Contract agreed upon by all parties, Plaintiff suffered damages. Since Plaintiff performed under the contract by paying the down payment amount as agreed, Plaintiff is entitled to its direct damages, consequential damages, attorney's fees, and any other recoverable damages at law.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

26. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though such allegations were fully set forth herein.

27. Plaintiff provided Defendants with a down payment, to which Defendants benefitted. Defendants failed to provide the required deed to Plaintiff. As such, Defendants were unjustly enriched and owe Plaintiff for such services.

### THIRD CAUSE OF ACTION: COMMON LAW FRAUD

28. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though such allegations were fully set forth herein.

29. On or about May 17, 2023, Plaintiff Desiree Bock bought from Defendant Tarrer Family Limited a cabin located in Polk County at 468 Onalaska Dr E, Cabin A, Onalaska Texas 77360 ("the property"). In order for Plaintiff to enter into this contract, Defendants knowingly made representations to Plaintiff that Defendants would honor the entirety of the agreement. However, to date, this has still not been done.

30. Further, these representations made by Defendants were material. A material representation is one in which "a reasonable person would attach importance to and would be induced to act on … in determining his choice of actions in the transaction in question." *Samson Lone Star Ltd. P'ship v. Hooks*, No. 01-09-00328-CV, 2016 Tex. App. WL 1019217 (Tex. App.—Houston [1st Dist.] March 15, 2016, no pet. h.). Plaintiff here would not have executed the Contract if it had been disclosed Defendants would not honor the agreement made.

### FOURTH CAUSE OF ACTION: FRAUD IN A REAL ESTATE TRANSACTION

31. Defendants made false representations of a past or existing material fact to our Plaintiff. Specifically, Defendants represented to Plaintiff that the property had no legal encumbrances and that the title was free and clear, and not fraudulent.

32. Defendants made these false representations to Plaintiff for the purpose of inducing Plaintiff to enter into a contract, namely the purchase contract for the Subject Property.

33. Defendants had actual awareness of the falsity of these representations, failed to disclose the falsity of the representations and benefitted from the false representations.

34. Plaintiff relied on the false representations in entering into the contract and paid Defendants the purchase price, of which Defendants accepted.

35. The false representations caused Plaintiff injury, i.e. Plaintiff has suffered economic injury as a result of Defendants' false representations.

36. Accordingly, Defendants are liable to Plaintiff for actual damages, exemplary damages, attorney's fees, and other related costs and fees as a result of Defendants' actions. *See* TEX. BUS. & COM. CODE § 27.01.

### **FIFTH CAUSE OF ACTION: VIOLATIONS OF DECEPTIVE TRADE PRACTICES ACT**

37. Defendants knew that Defendants were not going to accurately represent the agreement made, nor did Defendants ever intend to. Defendants represented that the property was free of all legal encumbrances. Defendants intentionally and knowingly withheld this information from Plaintiff. Plaintiffs would not have agreed to the purchase agreement or purchased the Subject Property if this information were known.

38. According to the DTPA, Plaintiff is **entitled to recover their economic damages including any mental anguish damages, and treble damages (three times the amount of economic damages)** because Defendants' conduct was committed knowingly and intentionally. Defendants violated the DTPA because Defendants:

   i. breached an express and/or implied warranty;

   ii. made a false, misleading, or deceptive act or practice that is specifically enumerated in the "laundry list" found in TEXAS BUSINESS AND

COMMERCE CODE § 17.46(b) and that Plaintiff relied on to their detriment, by:

1. passing off goods or services as those of another;
2. failure by Defendants to disclose material adverse conditions and defects in the subject property;
3. representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;
4. misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;
5. failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

39. Plaintiff is entitled to her reasonable attorney's fees, pursuant to Sec. 541.151 of the Texas Insurance Code, which states as follows:

> Sec. 541.151. PRIVATE ACTION FOR DAMAGES AUTHORIZED. A person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice:
> (1) defined by Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance; or
> (2) specifically enumerated in Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment.

## VII. DAMAGES

40. Plaintiff now seeks and requests an award granting the following relief:

a) Actual and consequential damages;

b) All statutory damages;

c) Mental anguish damages;

d) All reasonable and necessary attorneys' fees through the time of trial, and such further attorneys' fees in the event this matter is appealed;

e) All expert fees and costs;

f) All costs of Court and in all appellate courts; and

g) All such other and further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

## VIII. JURY DEMAND

41. Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury. Pursuant to Rule 81(c)(3)(A), Plaintiff demands a jury trial.

## IX. PRAYER

42. WHEREFORE, PREMISES CONSIDERED, Plaintiff Desiree Bock respectfully prays for the following: (i) that Plaintiff recover on its claims, including costs; (ii) that Defendants take nothing; (iii) that Plaintiff shall be awarded its reasonable and necessary attorneys' fees; and (iv) that Plaintiff be awarded such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EDWARDS SUTARWALLA SAMANI LLP**

By: /s/ Murtaza Sutarwalla

Murtaza F. Sutarwalla
State Bar No. 24056398

S.D. Tex. No. 2589991
*Attorney-in-Charge*

*Of Counsel:*

George Edwards III
State Bar No. 24055438
S.D. Tex. No. 1031248
Stephany M. Simien
State Bar No. 24117297
S.D. Tex. No. 3698005

602 Sawyer St Suite 490
Houston, Texas 77007
Office: 713-565-1353
Email: murtaza@esslawpartners.com
Email: george@esslawpartners.com
Email: stephany@esslawpartners.com

**ATTORNEYS FOR PLAINTIFF**